1  A. BOLTON
   3126 Shattuck Avenue
2  Berkeley, California, 94705
   Phone: (510) 540-0878

RECEIVED

SEP 27 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

3

4  A. BOLTON, IN PRO PER

5  UNITED STATES DISTRICT COURT

6  NORTHERN CALIFORNIA DISTRICT

7

8  A. BOLTON                                    ) Case No.: 3:19-CV-05212-JSC/WHO
                                                )
9                        Plaintiff(s),          ) PLAINTIFFS' FIRST AMENDED
                                                ) COMPLAINT FOR DAMAGES
10      vs.                                      )
                                                )
11  JESSE H. GRANT, JONATHAN P.                  ) JURY TRIAL DEMANDED
    LOELIGER, PETER J. HONG, DAVID               )
12  BRANNIGAN, CITY OF BERKELEY, and             )
    DOES 1-100, inclusive,                       )
13                                               )
                                                )
14                       Defendant(s).           )
                                                )
15                                               )
                                                )
16                                               )

17

   Plaintiff hereby alleges as follows:

18
                              INTRODUCTION
19

20      1. A. On or about the evening of January 27, A.D. 2018, in Berkeley, California, Defendants,

21  OFFICER JESSE H. GRANT, OFFICER JONATHAN P. LOELIGER, SEARGANT PETER J.

22  HONG, DAVID BRANNIGAN, and DOES 1-100 ("Defendants") with retaliation, stalked, sexually

23  assaulted/abused, and re-victimized Plaintiff, A. Bolton ("Plaintiff"), causing Plaintiff, at least,

24  significant physical and emotional harm. Based on Defendant's actions and sexually offensive

25  contacts, Plaintiff brings this lawsuit to seek, but not limited to, vindication of Plaintiffs' dignity,

26  personal right of bodily integrity and to be compensated for the serious harms caused by Defendants.

27      B. This is a Complaint for damages and other appropriate relief based upon Defendant's

28  purposeful sexual assault/abuse and battery against Plaintiff, and, related repeated re-victimizations.

1  In this action, in part, Plaintiff alleges assault, battery, and sexual battery under California Civil

2  Code §1708.5, Defendants 'violation of Plaintiff's federal civil rights under 42 U.S.C. §983 and

3  the First, Fourth, Fifth, Eighth, Fourteenth Amendment, amongst other civil rights and criminal

4  violence, and, violations.

5                                              PARTIES

6      2. At all times herein mentioned Plaintiff A. BOLTON (hereinafter "Plaintiff") was and is a

7  resident of Alameda County, State of California. (Doc. 1, 10, 15)

8      3. At all times herein mentioned JESSE H. GRANT (hereinafter "OFFICER GRANT" or

9  "GRANT"), was and is and employee or agent of defendant CITY OF BERKELEY. His background

10  includes, CITY OF OAKLAND POLICE DEPARTMENT: Notorious for racial profiling, excessive

11  force, and sexual abuse.

12      4. At all times herein mentioned JONATHAN P. LOELIGER (hereinafter "OFFICER

13  LOELIGER" or "LOELIGER"), was and is and employee or agent of defendant  CITY OF

14  BERKELEY.

15      5. At all times herein mentioned PETER J. HONG (hereinafter "SGT. HONG" or "HONG"),

16  was and is and employee or agent of defendant CITY OF BERKELEY.

17      6. At all times herein mentioned DAVID BRANNIGAN (hereinafter "BRANNIGAN"), was

18  and is and employee or agent of defendant CITY OF BERKELEY.

19      7. At all times herein mentioned CITY OF BERKELEY (hereinafter "BERKELEY") was and

20  is a public entity duly organized and existing as such under the laws of and in the State of California.

21      8. A. Defendant CITY OF BERKELEY has refused to produce records and police reports in

22  response to Plaintiff's requests for complete records and information. Plaintiff reserves the right to

23  amend this complaint with further facts and substituting individuals for DOE Defendants after

24  receiving Defendants 'reports and records in this matter.

25      B. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all

26  material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego

27  of the remaining Defendants, and in doing the things herein alleged, was acting within the course

28

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining

C. Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

D. At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful search, seizure, and use of excessive force, and sexual battery against the Plaintiff, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

E. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the CITY OF BERKELEY.

F. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of Defendant CITY OF BERKELEY.

G. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby legally caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 100, inclusive, and each of them, are not now known to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

9. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of theUnited States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Berkeley, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## CLAIMS STATUTES

10. On or about July 20, AD 2018, Plaintiff served an Administrative Claim for Damages on the City of Berkeley. The City of Berkeley rejected Plaintiffs' claim on or about August 8, AD 2018.

1 Plaintiff timely and properly filed a tort claim pursuant to Cal. Gov. Code §910 et seq., and this

2 action is timely filed within all applicable statutes of limitation.

3                                   STATEMENT OF FACTS

4     11. Plaintiff, A. Bolton is A. Bolton. (A. Bolton, Doc. 1, 10, 15).

5     12. A. On 1/27/AD 2018, about 745pm, while innocent Plaintiff sat peacefully on stopped and

6 parked bicycle, facing the front stairs by a street sidewalk, near University/San Pablo Ave, Berkeley,

7 CA. When, suddenly, ambushed Plaintiff's hands, at the wrists, were violently yanked from behind

8 off the handlebars, into hurting handcuffs, without any lawful cause, by two unknown assailants.

9 Known later as Defendants GRANT, and LOELIGER. Hapless Plaintiff, in obvious and great pain,

10 pled for help! But, GRANT without cause escalated the encounter. Yelling "shut up!" And, with

11 mockings, began beating Plaintiff with closed fist on Plaintiff's head; at face; and, upper body.

12 Defendants had no warrant to enter/intrude on Plaintiff's bodily integrity/person and privacy, no

13 consent, and no true legal justification to do so either.

14     B. Plaintiff had committed no crimes, and behaved peacefully and lawfully throughout the

15 incident. Defendant GRANT, by sexual battery, beat and ripped off Plaintiff's clothes, illegally

16 forcing Defendants' way into Plaintiff's bodily integrity and privacy, and Defendants LOELIGER,

17 HONG, and DOE joined or fundamentally assisted the forced entry/intrusion, and all Defendants

18 illegally searched Plaintiff's bodily integrity and privacy. In the course of this illegal entry/intrusion,

19 and Plaintiff's pleas against it, Defendant GRANT, assisted by Defendant LOELIGER, violently

20 grabbed and handcuffed Plaintiff, and very forcefully swung, dragged, jack hammered and twisted

21 Plaintiff on the bicycle, slamming, dragging and pounding Plaintiff's private parts into the bicycle

22 seat, and forcefully felling both the bicycle, and, eventually --- after more ("buck breaking") beating,

23 twisting, riding and jack hammering of GRANT against/on handcuffed Plaintiff's bodily integrity,

24 Plaintiff's legs fell from under Plaintiff. Landing on the front stairs, just as bystanders came. They

25 spoke. But, only shortly interrupting Defendants assailants abuse and laughter. During abuse,

26 traumatized and seriously injured Plaintiff, asked Defendants, "were they rapists!?" They laughed

27 and mocked Plaintiff more so. And, by their actions, as to answer in the affirmative, they continued

28

1  to unlawfully strip off Plaintiff belongings. Accompanied with repeated race-ridiculing questions,

2  like, "why do you wear this?".

3  C. Plaintiff never threatened officers, and Defendants had no justification to use any force

4  against Plaintiff.

5  D. Standing over harmless, stripped, and obviously serious trauma injured Plaintiff, Defendants

6  mocked, spit on, brandish weapon, and, shined blinding lights directly at eyes/face/person to further

7  hurt and humiliate handcuffed Plaintiff. Also, flipping and setting fallen bicycle upside down, to

8  unlawfully search and seize its serial numbers, hoping to further criminalizing Plaintiff.

9  E. After some time, HONG arrived. Although Plaintiff pled from the outset for help with

10  serious injuries caused by Defendants' attack, yet, still no medical attention. But, only deadly

11  denials, deridings, and dismissals by Defendants. Which, Defendant HONG, furthered, by delaying

12  with talking, rather than rightly acting immediately. In fact, the Defendants caused serious trauma

13  injuries, and, Defendants knew urgent medical care was long needed for Plaintiff. Eventually, after

14  pictures, put downs, pointing fingers by Defendants at Plaintiff, in order to publicly blame, frame

15  and shame, the so-called medical attention was called. But, only tokenly, as if Plaintiff was totally

16  undeserving. Paramedics came on scene.

17  F. Also, during the angry assault against Plaintiff, and, Defendants justifying seriously injuring

18  Plaintiff, Defendant GRANT shouted in the open air that Plaintiff was "a serial killer." What!?

19  Malicious public lie(s): which was the setting for all else by Defendants. Even, bias based

20  "business", "why you wear this (or that)?"

21  G. Again, Paramedics on scene. Started their evaluation without observing privacy, violating

22  HIPAA. Plaintiff immediately requested privacy, in compliance with HIPAA. Paramedics were

23  agitated and angry. Yet, still moved the obvious, and, seriously injured innocent Plaintiff from front

24  stairs to back private area of ambulance, closing the door behind us. During this move --- done in

25  agreement amongst Defendants, GRANT broadcasted by shouting into open air, replying to angry

26  paramedics query regarding the cause of innocent Plaintiff's serious injuries, "he was riding a bike."

27  Not true.

28

1    H. The malicious lies, undue influence, and, conspiracy continued. Afterwards, nearby public
2    third parties said they heard this, and, more. So, Plaintiffs was, and now, hatefully shunned, face
3    isolation and attacks, unto this day. Even, by biases, for example, of recent denied city police
4    services, and, recent retaliations against Plaintiff by police, and, other city of Berkeley services. So,
5    collateral damages mount.

6    I. These malicious falsehoods, was compounded by retaliatory lies of Defendant DOE
7    Paramedics/EMT's about Plaintiff's true medical status. Defendants DOE Paramedic/EMTs
8    deceitfully determined, by only but seeing handcuffed innocent seriously trauma injured patient, the
9    Plaintiff, for merely seconds privately, then, opened the door, broadcasting aloud, into the open air
10   from atop of the ambulance to the public, and, publicly situated Defendant police, that Plaintiff was
11   "playing a game." Another malicious lie! Violating Plaintiff's privacy and direct requests. So,
12   Plaintiff was illegally refused immediately needed medical attention, including, very important
13   sexual abuse/battery, and, gender violence based medical help.

14   J. Plaintiff's pleas about numerous wrongs in this incident by Defendants was maliciously
15   refused and rejected, the same way as before, when Plaintiff earlier asked for a city police superior
16   official. Then, who the Defendants had publicly agreed with, and promise given Plaintiff to speak
17   with, if Plaintiff agreed to come to superior's office, and be detained for three hours or less. So,
18   Plaintiff agreed, under these terms. But, Defendants broke agreement and promise. Plaintiff was
19   booked, jailed, not getting any terms as agreed or promised. But more lies, injuries -- led by, and
20   taken to jail by, Plaintiff's assailants, Defendants GRANT and LOELIGER. Defendant HONG met
21   us later at the police parking lot. Where Defendants threatened sending Plaintiff to "Santa Rita", a
22   repeated threat. And, where Defendants refitted previous illegally taken Plaintiff's belongings onto
23   seriously injured and hurting handcuffed innocent Plaintiff, as if to hide Plaintiff's horrible sexually
24   battered state, before entering jail, and cameras.

25   K. Bait and switch medical fraud: factual urgent physical medical needed, and requested. But,
26   by Defendants cruel and punishing deceitfulness, switched to fictional mental health matter at the
27   jail, when not needed, in no form nor fashion. Only to penalize maliciously Plaintiff.

28

L. Urgent need: physical medical care. But, wrongly given: psych hold. And, no privacy, on both fronts. Booked by cruelty and mockings. No regard by jailers, re: Pl handcuffs worsen injuries, including, when first questioned. Worsened also by mockery during jailers dragging from holding cell, to more questionings, to booking area, to more undressings, to fingerprintings, to documents processings, to more fingerprintings — because of Defendant jailers mistake, to cell, without Plaintiff's shoes on hard cold bare concrete floor, by Plaintiff's seriously injured body parts, with no regards to Plaintiff's pain and suffering. But mocked: e.g., when ask Defendant jailors for help with clothes, derisively said, "you put them on didn't you?" This cruelty amongst others, but not limited to being behind bars, and bedded, before bailed: e.g., being bodily reinjured. No sanitary food as needed (served in unsanitary open items). No water. No shoes. No phone call. No agreement terms upheld, although promised. No needed medical care. Forced documents signings. Forced questions. Forced, threatened, and/or deceived into all actions — even when bailed, forced signing as shoved in injured back to jail exit, and all agreements.

M. This unjust ordeal, part and parcel of Defendants stalkings or harassment/pre-text stops campaign, e.g., sample range of many occasions, that had no lawful cause:

1) Weekday midday, near University Avenue/6th Street Berkeley, CA, police motorcyclist raced and roared towards, to follow Plaintiff crossing the street to meet female friend.

2) Weekday afternoon, near San Pablo Avenue/Ashby, Berkeley, CA, police car u-turned to follow Plaintiff crossing the street to meet male friend.

3) Weekday afternoon, near Sacramento/University, Berkeley, CA, police car passed across the street from Plaintiff, parked and watched as Plaintiff meet female friend.

4) Weekday afternoon, near San Pablo Avenue/University, Berkeley, CA, police car watched Plaintiff while meeting with male friend.

5) Weekend night, near San Pablo Avenue/ Ashby, Berkeley, CA, police SUV slowly followed a few blocks as Plaintiff walked, talked with male friend.

6) Weekday midmorning, near Sacramento/ University Avenue, Berkeley, CA, police SUV stopped to watch Plaintiff meeting female friend.

7) Weekday afternoon, near MLK Jr Way/University Avenue, Berkeley, CA, police cyclist u-

1 turned to follow several blocks after Plaintiff had crossed the street to meet male friends.

2 N. Plaintiff is informed and believes and thereon alleges that BERKELEY, and DOES 26-50,

3 inclusive, breached their duty of care to the public in that they have failed to discipline Defendants

4 and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described

5 herein. Their failure to discipline Defendants and DOES 1-25 inclusive, demonstrates the existence

6 of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate

7 indifference, the use of racial profiling, negligence, excessive force and the fabrication of official

8 reports to cover up Defendants and DOES 1-25 ́ inclusive, misconduct.

9 O. Plaintiff is informed, believes and thereon alleges that members of the BERKELEY

10 Police/Fire ́ Department, including, but not limited to Defendants and DOES 1-25 inclusive and/or

11 each of them, have individually and/or while acting in concert with one another used excessive,

12 arbitrary and/or unreasonable force against and racially profiled Plaintiff in a manner prohibited by

13 the United States Constitution.

14 P. Plaintiff is further informed, believes and therein alleges that as a matter of official policy —

15 rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who

16 live, work or visit the CITY of BERKELEY, BPD/BFD has allowed persons to be abused and

17 racially profiled by its employees including Defendants and DOES 1-25 and/or each of them,

18 individually and/or while acting in concert with one another.

19 Q. Plaintiff is further informed, believes and therein alleges that CITY OF BERKELEY is

20 inpossession of statistical data which confirms that CITY OF BERKELEY Police Officers

21 disproportionately stop and cite African American public for ρre-textual violations ́at a rate greatly

22 disproportionate to the per capita representation of African Americans within the population of the

23 City of Berkeley. Plaintiff further alleges that despite being aware of the existence of racially biased

24 enforcement of ρre-textual violationed ́laws, Defendant BERKELEY has failed to remedy said

25 violations and/or retrain BERKELEY employees to prevent racially biased enforcement of laws.

26 R. Plaintiff is informed, believes and therein alleges that BPD/BFD employees exhibit a pattern

27 and practice of using racial profiling, negligence and excessive force against citizens and despite

28 theseincidents, none of the employees are ever found in violation of department policy, even under

1  the most questionable of circumstances. BPD/BFD's failure to discipline or retrain any of the

2  involved employees is evidence of an official policy, entrenched culture and posture of deliberate

3  indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate

4  result of BPD/BFD's failure to properly supervise its employees and ratify their unconstitutional

5  conduct.

6  S. Plaintiff is informed, believes and therein alleges that BERKELEY knew, had reason to know

7  by way of actual or constructive notice of the aforementioned policies, culture, pattern and/or

8  practice and the complained of conduct and resultant injuries/violations.

9  T. Plaintiff is ignorant of the true names and capacities of Defendant Officers DOES 1

10  through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are

11  informed, believes, and thereon alleges that each Defendant so named is responsible in some

12  manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend

13  their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been

14  ascertained.

15  DAMAGES

16  13. A. Plaintiff was physically and emotionally injured and damaged as a proximate result of

17  egregious beating/sexual battery inflicted upon Plaintiff, including but not limited to: Defendants '

18  violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First, Fourth, Eighth,

19  Fourteenth Amendment.

20  B. Plaintiff finds it necessary to engage the services of private counsel to vindicate Plaintiff's

21  rights under the law. Plaintiff therefore is entitled to an award of attorneys 'fees and/or costs

22  pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §

23  1983, and 1988.

24  FIRST CAUSE OF ACTION<br>STALKING<br>(STALKING UNDER CALIFORNIA CIVIL CODE §1708.7)<br>(Against all defendants)

25

26  14. A. Plaintiff realleges and incorporates by reference the allegations contained in the

27  preceding paragraphs of this Complaint as though fully set forth herein.

28  B. Defendants engaged in a pattern of conduct with the intent of alarming or harassing Plaintiff '

9

s and related parties, and in particular, private relationships.

C. Defendants knowingly and willfully directed harassment at private relationships for the purpose of alarming, tormenting, or terrorizing Plaintiff and these actions served no legitimate purpose.

D. Defendants 'actions included credible threats against Plaintiff through following by harassing in transportation devices, including cars, cycles, and SUV's.

E. As a result of this pattern of conduct, Plaintiff's and relationships, including privately related, reasonably feared for their physical safety and suffered emotional distress.

F. Defendants are sued in their official capacity.

15. Pursuant to Government Code section 815.2(a), defendant BERKELEY is liable for any and all wrongful acts hereinafter complained of committed by any of BERKELEY'S employees or agents, including but not limited to OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and DOES.

16. As a direct and legal result of defendants' tortious and unlawful conduct plaintiff suffered catastrophic physical injuries and emotional distress, including anguish and fear to an extent and in an amount to be proven at trial.

17. Defendants acted with malice and with the intent to harm plaintiff. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

SECOND CAUSE OF ACTION<br>ASSAULT And BATTERY<br>(Against all Defendants)

18. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19. On or about January 27, 2018, OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and DOES acted with the intent to make and did make harmful contacts with, and/or did cause harmful contacts to be made with Plaintiff's body. OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and DOES their conduct intended to cause, and did cause, plaintiff great apprehension of harmful contact with Plaintiff person. OFFICER GRANT, OFFICER LOELIGER, SGT. HONG

1    and DOES are sued in their official capacity.

2        20. Pursuant to Government Code section 815.2(a), defendant BERKELEY is liable for any and

3    all wrongful acts hereinafter complained of committed by any of BERKELEY employees or agents,

4    including but not limited to OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and DOES.

5        21. At no time did Plaintiff directly or indirectly consent to the use of physical force against him

6    by the defendants.

7        22. As a legal result of defendants' actions, Plaintiff was physically, mentally and emotionally

8    injured, lost earning capacity, income and/or resources and/or wages, and incurred medical bills, all

9    to an extent and in an amount subject to proof at trial.

10       23. Defendants acted with malice and with the intent to harm Plaintiff. Therefore, Plaintiff is

11   entitled to an award of punitive damages for the purpose of punishing defendants and to deter them

12   and others from such conduct in the future.

13                          THIRD CAUSE OF ACTION
                            VIOLATION OF CIVIL RIGHTS
14                              (Civ. Code, §51.7(a).)
                                (Against all defendants)

15       24. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

16   paragraphs of this Complaint as though fully set forth herein.

17       25. Civil Code section 51.7(a) provides in pertinent part that "all persons within the jurisdiction

18   of this state have the right to be free from any violence, or intimidation by threat of violence,

19   committed against their persons or property because of their race, color, religion, ancestry, national

20   origin ... [or] age."

21       26. Plaintiff at all times mentioned herein was a person within the jurisdiction of this state

22   within the meaning of section 51.7(a). By their pattern and practice of using excessive force in the

23   detention and arrest of African ancestry suspects, defendants denied plaintiff, of African ancestry,

24   the right to be free from violence or intimidation because of his race, ancestry, color and national

25   origin. Plaintiff has therefore been damaged in his civil rights in violation of Civil Code section

26   51.7(a).

27       27. The reason for defendants' actions, including OFFICER GRANT, OFFICER LOELIGER,

28   and SGT. HONG and DOES who are sued in their official capacities, in using excessive

1    force/sexual assault in the detention and arrest of Plaintiff was to interfere with Plaintiff's civil rights

2    protected under Civil Code section 51.7.

3        28. As a direct and legal result of defendants' use of excessive force/sexual assault on Plaintiff

4    as alleged herein, plaintiff has suffered injuries and damages in an amount to be proven at trial.

5        29. Furthermore, as a result of defendants' tortious conduct, Plaintiff is entitled to a statutory

6    civil penalty of $25,000 and to attorney's fees, pursuant to Civil Code section 52(b).

7        30. Defendants' tortious conduct was willful and malicious; therefore, Plaintiff is entitled to

8    punitive damages as determined by the court.

9                              FOURTH CAUSE OF ACTION
                              VIOLATION OF CIVIL RIGHTS
10                                (42 U.S.C., §1983.)
                              (Against all Defendants)

11       31. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

12   paragraphs of this Complaint as though fully set forth herein.

13       32. This cause of action arises under 42 United States Code section 1983 and the First, Fourth

14   and Fourteenth Amendments to the Constitution of the United States.

15       33. Acting under color of state law as law enforcement or public servant officers, defendants,

16   OFFICER GRANT, OFFICER LOELIGER, SGT. HONG, and DOES who are sued in their

17   individual capacities, deprived plaintiff of his rights, privileges and immunities secured under the

18   First, Fourth and Fourteenth Amendments of the Constitution of the United States and under 42

19   United States Code section 1983. In particular, plaintiff suffered injury to his constitutionally

20   protected rights to freedom of speech and association, to be secure in his person from unreasonable

21   search and seizure, free from excessive use of force by defendants, and free from governmental

22   abuse of its power. Including, but not limited to: Retaliation; denial of medical attention; conspiring

23   to interfere/violate civil rights; fraud and deceit; false imprisonment; undue influence; honest

24   services fraud; invasion of privacy-intrusion upon seclusion; and, medical battery and/or

25   malpractice.

26       34. Plaintiff alleges on information and belief that BERKELEY has a pattern and practice of

27   using excessive force in the detention and arrest of suspects generally. But for BERKELEY'S

28   pattern and practice of using excessive force in the detention and arrest of suspects generally and

1  BERKELEY'S pattern of inadequate hiring, selecting, supervising, training, disciplining, controlling

2  and reviewing of the activities of all officers in its employ, Plaintiff would not have suffered

3  deprivation of his federally protected rights. Furthermore, defendants have demonstrated deliberate

4  indifference to Plaintiff's federally protected rights.

5  35. As a direct and legal result of defendants' violation of Plaintiff's constitutional rights as

6  alleged herein, Plaintiff suffered physical and emotional injuries, loss of employment income and

7  earning capacity.

8  36. Pursuant to 42 United States Code section 1988, Plaintiff is entitled to special and general

9  damages to an extent and in an amount subject to proof at trial, to costs and to attorney's fees as may

10  be determined by the court.

11
<br>
12

FIFTH CAUSE OF ACTION
VIOLATION OF THE 8TH AMENDMENT
(42 U.S.C. §1983)
(Against all defendants)

13  37. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

14  paragraphs of this Complaint as though fully set forth herein.

15  38. Defendants owed a duty to Plaintiff to avoid harming during Plaintiffs' detention and arrest.

16  Defendants 'conduct constituted cruel and unusual punishment. The above described conduct

17  amounted to "deliberate indifference "to Plaintiff's rights and well-being.

18  39. Moreover, the use of excessive force by Defendants violated the Eighth Amendment

19  prohibition against cruel and unusual punishment, because the force was not used in a good faith

20  effort to maintain or restore order, but was done maliciously or sadistically for the very purpose of

21  causing harm.

22  40. As a legal result of defendants' wrongful conduct, Plaintiff has sustained general damages to

23  an extent and in an amount subject to proof at trial.

24
<br>
25
<br>
26

SIXTH CAUSE OF ACTION
DENIAL OF MEDICAL ATTENTION
(42 U.S.C. §1983)
(Against all defendants)

27  41. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

28  paragraphs of this Complaint as though fully set forth herein. Except for any and all allegations of

1  intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any

2  and all allegations requesting punitive damages.

3     42. Police, fire officers, including Defendants, have a duty to use reasonable care to prevent

4  harm or injury to others, including a duty to address the medical needs of pretrial detainees. In doing

5  the acts complained of, Defendants, and each of them, acted under color of state law to deprive

6  Plaintiff of urgently needed medical care in violation of his rights, under the Due Process Clause of

7  the Fourteenth Amendment, to receive necessary medical attention while incarcerated by Defendant

8  CITY OF BERKELEY.

9     43. Defendants breached this duty of care. Upon information and belief, the actions and

10  inactions of Defendants were made with deliberate indifference and/or reckless disregard, including

11  but not limited to:

12     a) the failure to provide prompt/proper medical care to Plaintiff;

13     b) the failure to properly train and supervise employees, both professional and non-

14  professional, including Defendants;

15     c) the failure to ensure that adequate numbers of employees with appropriate

16  education and training were available to meet the needs of and protect the rights

17  of Plaintiff;

18     d) the deliberate indifference to the handling of evidence and witnesses; and

19     e) the negligent communication of information during the incident.

20     44. As an actual and proximate result of said defendants 'conduct, Plaintiff suffered injuries and

21  damages as set forth herein.

22     45. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23  SEVENTH CAUSE OF ACTION<br>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24  (Civ. Code, §1714)<br>(Against all defendants)

25     46. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

26  paragraphs of this Complaint as though fully set forth herein.

27     47. Defendants had a duty to exercise reasonable care toward plaintiff so as not to inflict

28  injuries on plaintiff while arresting and detaining Plaintiff.

1    48. Pursuant to Government Code section 815.2(a), defendant BERKELEY is liable for any and

2    all wrongful acts hereinafter complained of committed by any of BERKELEY'S employees or

3    agents, including but not limited to OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and

4    DOES.

5    49. Defendants knew or should have known their failure to exercise due care with regard to

6    detention, assault and sexual assaulting/abusing of Plaintiff would cause Plaintiff severe emotional

7    distress.

8    50. OFFICER GRANT, OFFICER LOELIGER, SGT. HONG and DOES, who are sued in their

9    official capacity, breached that duty by sexual assaulting Plaintiff.

10   51. As a legal result of Defendants' negligent conduct, Plaintiff has suffered and continues to

11   suffer severe emotional distress, including but not limited to fright, nervousness, worry,

12   mortification, shock, humiliation, indignity and physical pain to an extent and in an amount subject

13   to proof at trial.

14   52. As a legal result of defendants' actions, plaintiff was physically, mentally and emotionally

15   injured, lost work time and income, and incurred medical bills.

16                          EIGHTH CAUSE OF ACTION
                                   NEGLIGENCE
17                         FAILURE TO SUPERVISE AND TRAIN
                                 (Gov. Code, §815.2)
18                             (Against all defendants)

19   53. Plaintiff realleges and incorporates by reference the allegations contained in the preceding

20   paragraphs of this Complaint as though fully set forth herein.

21   54. Defendant BERKELEY owed a duty to Plaintiff to hire, select, supervise, train, discipline,

22   control and review the activities of all officers in its employment.

23   55. Defendant BERKELEY breached its duty to Plaintiff, pursuant to Government Code section

24   815.2, by failing to properly hire, select, supervise, discipline, train, control and review such

25   employees and by permitting Defendants to engage in the conduct herein alleged.

26   56. Defendant BERKELEY knew, or should have known, that without proper supervision and

27   training. conduct such as that alleged herein was foreseeable. Defendant BERKELEY knew, or

28   should have known, that Plaintiff would be injured and damaged by the wrongful acts alleged in this

complaint that were permitted to occur in contravention of public policy and of Plaintiff's legal rights.

57. BERKELEY'S negligent action in failing to properly hire, select, supervise, discipline, train, control and review their employees were the direct, actual, and legal cause of Plaintiff's injuries. Plaintiff has suffered bodily injury and emotional distress as a result of Defendants' wrongful conduct alleged herein.

58. As a result of Defendant's wrongful conduct, Plaintiff has sustained damages to an extent and in an amount to be proven at trial.

NINTH CAUSE OF ACTION
VIOLATION OF CIVIL RIGHTS
(CALIFORNIA CIVIL CODE SECTION 52.1)
(Against all Defendants)

59. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

60. This cause of action arises under California Civil Code section 52.1.

61. Acting under color of state law as law enforcement or public servant officers/officials, defendants, OFFICER GRANT, OFFICER LOELIGER, SGT. HONG, and DOES who are sued in their individual capacities, interfered by threat, intimidation and coercion, and attempted to interfere by threat, intimidation and coercion, with the exercise and enjoyment by plaintiff of rights secured by the Constitution or laws of the United States, or rights secured by the Constitution or laws of the State of California.

62. Plaintiff alleges on information and belief that BERKELEY has a pattern and practice of using excessive force in the detention and arrest of suspects generally. But for BERKELEY'S pattern and practice of using excessive force in the detention and arrest of suspects generally and BERKELEY'S pattern of inadequate hiring, selecting, supervising, training, disciplining, controlling and reviewing of the activities of all officers in its employ, Plaintiff would not have suffered deprivation of his federally and state protected rights. Furthermore, Defendants have demonstrated deliberate indifference to Plaintiff's federally and state protected rights.

63. As a direct and legal result of Defendants' violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered physical and emotional injuries, loss of employment income and

earning capacity.

64. Pursuant to California Civil Code section 52.1, Plaintiff is entitled to special and general damages to an extent and in an amount subject to proof at trial, to costs and to attorney's fees as may be determined by the court.

TENTH CAUSE OF ACTION
SEXUAL BATTERY IN VIOLATION OF CAL. CIV. CODE § 1708.5
(Against all Defendants)

65. Plaintiff reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66. Cal. Civ. Code §1708.5(a)(1) states that a person commits sexual battery when that person "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results." Section 1708.5(d) further defines "intimate part" to include "the sexual organ, anus, groin, or buttocks of any person."

67. Cal. Civ. Code § 1708.5(f) defines "offensive contact" to mean contact that offends a reasonable sense of personal dignity (Cal. P.C. §§220, 289, 422.6).

68. Cal. Civ. Code §1708.5(b) provides that "[a] person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages."

69. Defendant's act of sexual abuse against Plaintiff intimate parts was an act of sexual battery against Plaintiff, and entitles Plaintiff to appropriate remedies. Defendant's sexual battery against Plaintiff was a direct and proximate cause of harm to Plaintiff. As a direct and proximate result of Defendant's sexual battery against Plaintiff, Plaintiff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

70. The aforementioned conduct by Defendants was willful, wanton, and malicious. At all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings. Defendants also acted with the knowledge of or with reckless disregard for the fact that their conduct was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the Plaintiff. By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary

damages from Defendants according to proof at trial.

**ELEVENTH CAUSE OF ACTION**
**GENDER VIOLENCE IN VIOLATION OF CAL. CIV. CODE §52.4**
(Against All Defendants)

71. Plaintiff repeats and realleges by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

72. Cal. Civ. Code §52.4(c) defines "gender violence" as: (1)one or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2)A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, charges, prosecution, or conviction. (Cal. Pen. Code §§220, 289, 422.6, 646.9)

73. As alleged hereinabove, on or about January 27, 2018, each Defendant acted to aid, abet, and/or conspire with the other to violate Cal. Civ. Code §52.4. The Defendants committed acts of gender violence upon the Plaintiff through the use, attempted use, or threatened use of physical force against Plaintiffs' person, committed at least in part based on Plaintiff's gender.

74. As alleged herein, on or about January 27, 2018, each Defendant acted to aid, abet, and/or conspire with the other to violate Cal. Civ. Code §52.4 so that he or she engaged in a physical intrusion or physical invasion of a sexual nature under coercive conditions.

75. The aforementioned conduct by Defendants was willful, wanton, and malicious. At all relevant times, Defendants acted with conscious disregard of the Plaintiff's rights and feelings. Defendants also acted with the knowledge of or with reckless disregard for the fact that their conduct was certain to cause injury and/or humiliation to the Plaintiff. Plaintiff is further informed and believes that Defendants intended to cause fear, physical injury and/or pain and suffering to the Plaintiff. By virtue of the foregoing, the Plaintiff is entitled to recover punitive and exemplary damages from Defendants according to proof at trial.

**TWELFTH CAUSE OF ACTION**
**DISCRIMINATION BASED ON PROTECTED CHARACTERISTICS OR STATUS**
Cal. Civ. Code §§51(b) and 52(a)

(Against all Defendants)

76. Plaintiff reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

77. Section 51(b) of the Cal. Civil Code Provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their ... age, race, sexual orientation ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code §51(b). Section 51(e)(7) further defines sexual orientation as "heterosexuality, homosexuality, and bisexuality." Cal. Civ. Code §51(e)(7). Cal. Gov't Code §12926(s).

78. For purposes of Civil Code §51(b) "the term 'business establishment' [is] used in the broadest sense reasonably possible.'" Harris v. Mothers Against Drunk Driving (1995) 40 Cal.App.4th 16, 21 (quoting O'Connor v. Village 27 Green Owners Assn. (1983) 33 Cal.3d 790, 795) as modified (Nov. 30, 1995). "The term 'business' embraces everything about which one can be employed, and it is often synonymous with 'calling, occupation, or trade'' Id. (quoting 0 'Connor, 233 Cal.3d at 795). It is thus clear that a public safety facility or likewise at which public servant personnel serve the public to sustain their livelihood constitutes a "business establishment" under Civil Code §51(b).

79. Section 52(a) of the California Civil Code provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 ... is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury."

80. Defendants discriminated against Plaintiff in violation of Civil Code §§51(b) and 52(a) by refusing to submit process as a trauma care/sexual assault victim case to the District Attorney pursuant to standard procedure, and by calling Plaintiff's falsehoods, in words and deeds, and, to subject Plaintiffs' affairs to the same, so as to assassinate Plaintiff's character in response to Plaintiffs' inquiries regarding the Defendant's misconduct and wrongs in this matter. Defendants' conduct violated §§ 51(b) and 52(a) of the Civil Code because their unfavorable treatment of Plaintiff was premised on Plaintiff's protected status.

81. As a direct and proximate result of the tortious, unlawful, and wrongful acts of Defendants, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule.

82. In engaging in the conduct as hereinabove alleged, Defendants acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and wellbeing, and intended to subject Plaintiff to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## THIRTEENTH CAUSE OF ACTION
## PUBLIC DISCLOSURE OF PRIVATE FACT
### (Against all Defendants)

83. Plaintiff reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

84. Defendants publicized, or caused such, private information concerning Plaintiff by disclosing the details to which Plaintiff was subjected to the public.

85. Due to the fact that the crime of sexual assault causes great trauma to its victims, that this crime involves the most private and intimate parts of the human body, and that disclosure of the details of an instance of sexual assault tends to expose the victim of the assault to shame, embarrassment, and obloquy, a reasonable person in Plaintiff's position would consider the disclosure of the details of the sexual assault to which Plaintiff was subjected to be highly offensive.

86. Due to the highly sensitive nature of information related to the crime of sexual assault, Defendants knew—or else acted with reckless disregard for the fact—that his disclosure of the details of the sexual assault to which Plaintiff was subjected would be highly offensive to a reasonable person.

87. Defendants made their disclosures regarding the sexual assault to which Plaintiff was subjected to Plaintiff's community, and to the general public, even though neither had any legitimate interest in or concern for the information disclosed.

88. Defendant's disclosure of the details of the sexual assault to which Plaintiff was subjected was a direct and proximate cause of harm to Plaintiff. As a direct and proximate result of

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

Defendant's disclosure, Plaintiff has suffered past and future damages in an amount according to proof at trial.

89. Defendant's wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally disclosed private facts about Plaintiff for the purpose of harming and injuring Plaintiff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FOURTEENTH CAUSE OF ACTION
### FALSE LIGHT
(Against all Defendants)

90. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

91. Defendants painted Plaintiff as an immoral and criminally deviant individual who was responsible for the attack that Plaintiff suffered when Defendants made their improper disclosures of the details of the sexual assault to which Plaintiff was subjected to Plaintiff's community and/or to the general public.

92. In so characterizing Plaintiff, Defendants presented Plaintiff in a false light that would be highly offensive to a reasonable person in Plaintiffs' position.

93. Defendants knew that the manner in which they characterized Plaintiff during their disclosures about Plaintiff would create false and offensive impressions about Plaintiff, or else they should have known this or they acted with reckless disregard for the possibility that their disclosures would create false and offensive impressions about Plaintiff.

94. Defendants presentation of Plaintiff in a false and offensive light, in words and deeds, was a direct and proximate cause of harm to Plaintiff. As a direct and proximate result of Defendants disclosure, Plaintiff has suffered past and future damages in an amount according to proof at trial.

95. Defendants wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally cast Plaintiff in a false and offensive light for the purpose of harming and injuring Plaintiff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FIFTEENTH CAUSE OF ACTION

21

# DEFAMATION
## (Against all Defendants)

96. Plaintiff reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

97. Defendants unprivileged communications, in words and deeds, spread false and injurious information regarding Plaintiff by stating to Plaintiff's general public and Plaintiff's community supporters that Plaintiff was immoral and unfit for duty-of-care/civil rights, when in actuality Plaintiff was an upstanding person with a respected record in the community.

98. Plaintiff is an upstanding citizen with a respected or of good reported reputation in the community. Defendants false communications concerning Plaintiff tended to injure Plaintiff's reputation by painting Plaintiff as unfit for any due process, professional standard of care or civil rights.

98. The fact that the above-referenced false communications painted Plaintiff as unfit for Plaintiff's civil rights or any professional duty-of-care renders the communications slander per se, but nevertheless, Plaintiff has suffered actual damages as a result of the false communications in the form of shame, humiliation, isolation, discrimination, hostilities, and embarrassment, at least.

99. Defendant's acts of making false and injurious communications, in words and deeds, about Plaintiff constitutes the tort of Defamation under the laws of this State. Defendant's defamations of Plaintiff's character was a direct and proximate cause of harm to Plaintiff. As a direct and proximate result of Defendant's defamations, Plaintiff has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

100. Defendant's wrongful conducts, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally defamed Plaintiff for the purpose of harming and injuring Plaintiff. These conducts, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conducts.

## JURY DEMAND

WHEREFORE, Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as follows:

1      1.    For general damages for pain and suffering;

2      2.    For special damages for costs of medical treatment and loss of future earning

3  capacity;

4      3.    For attorney's fees and costs of suit pursuant to 42 United States Code section 1988,

5  Code of Civil Procedure section 1021.5, and Civil Code sections 52 and 52.1;

6      4.    For punitive damages pursuant to Code of Civil Procedure section 3294, Civil Code

7  sections 52 and 52.1, and 42 United States Code section 1988;

8      5.    For a civil penalty of $25,000 pursuant to Civil Code section 52;

9      6.    For such other and further relief as the court may deem proper.

DATED: September 24, A.D. 2019

_____
A. Bolton
In Pro Per

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES