1
2
3
4    UNITED STATES DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
6
7    A. BOLTON,                                Case No. 19-cv-05212-WHO
8            Plaintiff,
9        v.                                    **ORDER GRANTING DEFENDANTS'
                                                MOTION TO DISMISS FIRST
10   CITY OF BERKELEY, et al.,                  AMENDED COMPLAINT WITH
                                                LEAVE TO FILE THIRD AMENDED
11           Defendants.                        COMPLAINT**

Re: Dkt. Nos. 21, 25

## INTRODUCTION

To move forward, by December 13, 2019 plaintiff A. Bolton must **either** tell me when and where he was born, and what full legal name his parents gave to him at birth, and then we will use that in the caption of the case, **or**, if he wants to proceed anonymously, give me a good reason why I should allow him to do so. Bolton can write "REQUEST FOR SEALING" to confidentially file this information with me. I will then rule on whether he may proceed with the Third Amended Complaint using his full name or anonymously.[1]

Once I resolve that issue so that the case may begin, Bolton may proceed with the following three claims: (i) assault and battery; (ii) violation of the Ralph Civil Rights Act under Cal. Civ. Code § 51.7(a); and (iii) violation of the Tom Bane Civil Rights Act under Cal. Civ. Code § 52.1. But if Bolton wishes to also proceed on his other claims, he must file a Third Amended Complaint by January 7, 2020 and make the necessary fixes according to the guidance in this Order. To do this, I recommend Bolton make an appointment for free limited legal

---

[1] At the hearing on November 20, 2019, Bolton suggested that he wanted to change his legal name to A. Bolton but lacked the resources to do so. While I am happy to refer to him as A. Bolton during the course of this case, the pleadings must reflect his given name unless he explains why anonymity is necessary.

1 assistance from the Legal Help Center by calling (415) 782-8982, emailing federalprobonoproject@sfbar.org, or signing up for an appointment in the appointment book located on the table outside the door of the Legal Help Center. More information about the Legal Help Center is provided at the end of this Order.

**BACKGROUND**

**I. PROCEDURAL BACKGROUND**

On January 30, 2019, Bolton filed a Complaint in *propria persona* against the City of Berkeley, Police Officer Jonathan Loeliger, Officer Jessie Grant, and Sergeant Peter Hong in the Alameda County Superior Court. Notice of Removal, Ex. A [Dkt. No. 1-1]. Bolton listed his name as "A. Bolton" and did not provide his full legal name. *Id.* On August 21, 2019, the City of Berkeley filed a Notice of Removal and removed this action to this court. *Id.*

On September 16, 2019, defendants filed a motion to dismiss the Complaint. Dkt. No. 13. On September 27, 2019, Bolton filed a First Amended Complaint, adding defendant David Brannigan, Chief of the Berkeley Fire Department. *See* First Amended Complaint ("FAC") [Dkt. No. 19]. The court issued an order denying defendants' motion to dismiss as moot, and required defendants to respond to the FAC within 14 days. Order Denying Motion to Dismiss as Moot [Dkt. No. 20]. In its motion to dismiss the FAC, defendants seek dismissal of all causes of action except the second cause of action (assault and battery), the third cause of action (violation of the Ralph Civil Rights Act under Cal. Civ. Code § 51.7(a)), and the ninth cause of action (violation of the Tom Bane Civil Rights Act under Cal. Civ. Code § 52.1). Motion to Dismiss FAC ("MTD") [Dkt. No. 21] 1–2.

On the day Bolton's response was due, Bolton filed a Second Amended Complaint and sought leave to file it. Second Amended Complaint ("SAC") [Dkt. No. 25-2]. The FAC had fifteen causes of action, and the SAC now has forty-one causes of action. *Id.* The SAC realleged the three causes of action that are not challenged by defendants in their motion to dismiss. *See id.* ¶¶ 18–23, 24–30, 282–287 (causes of action 2, 3 and 34). These three causes of action will proceed forward. This Order addresses the other causes of action should Bolton choose to file a Third Amended Complaint.

2

## II. FACTUAL BACKGROUND

Bolton's FAC alleges that he was arrested by Berkeley police on January 27, 2018. FAC ¶¶ 1, 12-A. He claims that he was standing at the corner of University and San Pablo Avenue in Berkeley when police officers, identified as Officer Grant and Officer Loeliger, "suddenly[] ambushed" him and placed him in handcuffs "without any lawful cause." *Id.* ¶ 12-A. Bolton asserts that he pleaded for help but Grant told him to "shut up" and "began beating [him]." *Id.*

Bolton alleges that Grant "by sexual battery, beat and ripped off [his] clothes." FAC ¶ 12-B. He claims that Grant and Loeliger handcuffed him and destroyed his bicycle. *Id.* He contends that "bystanders came" and "spoke" but "only shortly interrupt[ed]" the officers' "abuse and laughter." *Id.* Bolton asked the officers during the abuse if they were rapists. *Id.* He asserts that Grant shouted in the open air that Bolton was a "serial killer." *Id.* ¶ 12-F. He also claims that the officers "shined blinding lights" directed at his eyes to further humiliate him. *Id.* ¶ 12-D. Grant and Loeliger allegedly flipped Bolton's bike to search for its serial number. *Id.*

Bolton alleges that after some time Sergeant Hong arrived. FAC ¶ 12-E. He claims that he pleaded Hong to help him, but Hong delayed by talking instead of acting immediately to give Bolton the urgent medical care he knew he needed. *Id.* He asserts that paramedics eventually came on the scene "after pictures" were taken. *Id.*

The paramedics moved Bolton from the sidewalk and into the ambulance. FAC ¶ 12-G. When paramedics allegedly asked the officers why Bolton was seriously injured, the officers replied "he was riding a bike," which Bolton claims is not true. *Id.* After the paramedics examined Bolton only for "merely seconds," he contends that the paramedics opened the ambulance doors and yelled into open air that he was "playing a game." *Id.* ¶ 12-I.

He asserts that he continued to plead for help, and that the officers agreed to let him talk to the city "police superior" if he agreed to be detained for "three hours or less." FAC ¶ 12-J. He agreed to these terms. *Id.* He claims that the officers "refitted previous illegally taken" belongings back to him "as if to hide [his] horrible sexually battered state, before entering jail, and cameras." *Id.*

Bolton claims that he requested physical medical care at the jail but defendants instead

made it into a "fictional mental health matter" and wrongfully put him in a "psych hold." FAC ¶¶ 12-K, 12-L. He contends that he was not given water, food, shoes or a phone call. *Id.* ¶ 12-J.

Bolton also asserts that this incident is part of defendants' "pre-textual stop campaign" of stalking and harassing him. FAC ¶ 12-M. He lists seven other instances when police officers stopped him, stating the time of day and cross streets of where each encounter took place and explaining that he was simply on his way to meet a friend before each encounter. *Id.* Bolton claims that doe defendants of City of Berkeley, and the Berkeley Police and Fire Departments engage in "racial profiling." *Id.* ¶ 12-N–12-T. Bolton asserts that he served an Administrative Claim for Damages on the City of Berkeley on July 20, 2018, and that the City rejected the claim on August 8, 2018. *Id.* ¶ 10.

The factual allegations stated in the FAC and SAC are largely the same, except that Bolton adds one paragraph alleging defendants also falsified reports and records related to this incident and other encounters. SAC ¶ 12-H. The SAC also adds Berkeley City Manager, Dee Williams-Ridley, for claims related to the alleged failure to properly train and supervise Berkeley officers, and to the alleged pattern or practice of excessive force and racial profiling. SAC ¶¶ 97, 103, 153.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff

---

[2] Bolton is reminded that he must serve every defendant in accordance with the Federal Rules of Civil Procedure. Defendants point out that Berkeley Fire Chief Brannigan has not been served. MTD 3. It appears that Berkeley City Manager Ridley has not been served either.

must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

### I. FAILURE TO PROVIDE FULL LEGAL NAME

Federal Rule of Civil Procedure 10(a) requires that every complaint "name all the parties." Fed. R. Civ. P. 10(a). Pseudonyms are allowed only the "'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy. *Id.* at 1067. A court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.* at 1068 (internal citations omitted).

Bolton has filed three prior lawsuits against the City of Berkeley and the City of Albany,

5

all of which were dismissed for failure to provide his full legal name. *See A. Bolton v. City of Berkeley*, No. 17-cv-03913-KAW, [Dkt. No. 5] at 1; *A. Bolton v. City of Berkeley*, No. 17-cv-1387-KAW, [Dkt. No. 10] at 1; *A.B. v. City of Albany*, No. 17-cv-3272-KAW, [Dkt. No. 9] at 1; *see also A. Bolton v. City of Berkeley*, No. 17-cv-01466-HSG, [Dkt. No. 20] at 1 (dismissed for failure to provide adequate information in IFP application). Defendants argue that Bolton, despite being repeatedly advised by the court that he must sue using his full name, has again provided an "incomplete and/or fictitious name." MTD 4.

In order for this case to proceed, Bolton must resolve the name issue by providing me with answers to when and where he was born, and what full legal name his parents gave to him at birth. Bolton may confidentially file this information with me by December 13, 2019 by writing "REQUEST FOR SEALING" at the top of the pleading. Alternatively, if Bolton believes there are reasons why he wishes to proceed anonymously, then he must provide me with an explanation of those reasons. Bolton must either provide his full legal name or explain why he seeks to remain anonymous.

## II. FAILURE TO STATE A CLAIM

Bolton's motion for leave to file his SAC is GRANTED. The following three claims *will* proceed (once the name issue is resolved) because defendants do not challenge them:

- Assault and Battery
- Ralph Civil Rights Act under Cal. Civ. Code § 51.7(a)
- Tom Bane Civil Rights Act under Cal. Civ. Code § 52.1

Defendants do challenge the other claims brought by Bolton. Defendants' motion to dismiss the following claims is GRANTED and these claims *will not* proceed forward:

- Stalking Claim
- First Amendment Claims
- Fourth and Fourteenth Amendment Claims
- *Monell* Policy or Practice Claim
- Denial of Medical Attention
- Negligent Infliction of Emotional Distress

6

- Negligent Supervision and Training
- Sexual Battery, Gender Violence, and Unruh Act Claims
- Privacy, False Light, and Defamation

If Bolton still wishes to bring these claims, in addition to the three that are already moving forward, then he is granted leave to file a Third Amended Complaint to fix the deficiencies discussed below. But the "name" issue must be resolved or else the Third Amended Complaint will be dismissed.

### A. Stalking Claim

To state a claim for stalking under California Civil Code § 1708.7, a plaintiff must allege that: (1) defendant engaged in a pattern of conduct the intent of which was to follow, alarm, or harass the plaintiff; (2) as a result that pattern of conduct, plaintiff reasonably feared for his or her safety; and (3) defendant either made a credible threat with intent to place the plaintiff in reasonable fear or violated a restraining order. *Kenney v. City of San Diego*, No. 13-cv-248-WQH-DHB, 2013 WL 5346813, at *5 (S.D. Cal. Sept. 20, 2013).

Defendants argue that Bolton alleges officers "stalked" him in conclusory terms. MTD 5. They acknowledge that he alleges other instances of alleged "pre-text stops" by other Berkeley officers, but argue that none of these allegations meet the required elements of stalking to state a claim. *Id.*

In addition to the January 27, 2018 incident, Bolton lists seven other encounters with Berkeley police. FAC ¶ 12-M. This is not enough to state a claim for stalking. He needs to add more facts about how the officers involved in the January 27, 2018 incident and in the seven other encounters intended to harass him and how that placed him in reasonably fear for his safety. Most importantly, Bolton needs to allege that officers made a credible threat towards him *with the intent* to place him in reasonable fear. Simply listing the number of encounters with the officers is not enough. Bolton's SAC states the same facts as the FAC. SAC ¶ 12-M. Defendants' motion to dismiss this claim is GRANTED with leave to amend.

### B. First Amendment Claims

To state a claim for retaliation in violation of the First Amendment, a plaintiff must allege

7

that: (1) the defendants took action that would "chill or silence a person of ordinary firmness from future First Amendment activities" and that (2) defendants "desire to cause the chilling effect was a but-for cause" of their conduct. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900–01 (9th Cir. 2008) (internal citation omitted).

Bolton alleges he was "in obvious and great pain" and "pled for help" when Grant told him to "shut up." FAC ¶ 12-A. This is not enough to state a claim for retaliation under the First Amendment. Bolton has not pleaded that any of the officers would not have detained or arrested him but-for his exercise of his First Amendment rights. Based on the factual allegations in the FAC, it is not plausible that officers arrested him because Bolton was pleading for help. To state a retaliation claim, Bolton must add factual allegations that support the theory that he was arrested *because* was exercising his First Amendment rights. Bolton's SAC states the same facts as the FAC. SAC ¶ 12-A. Defendants' motion to dismiss this claim is GRANTED with leave to amend.

### C. Fourth and Fourteenth Amendment Claims

Defendants argue that Bolton failed to allege facts to support a Fourteenth Amendment claim in his FAC, and that rather the Fourth Amendment governs claims of Bolton's alleged unlawful detention, arrest and search. MTD 6. "Challenges to the reasonableness of a search (or seizure) by government agents clearly fall under the Fourth Amendment and not the Fourteenth." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999).

In the SAC, Bolton added causes of action under the Fourth Amendment for unlawful stop and detention, excessive force and false arrest. *See* SAC (causes of action 4, 6, and 7). He also added numerous Fourteenth Amendment due process causes of action relating to the one additional factual allegation in his SAC that defendants allegedly falsified reports and records. SAC ¶ 12-H; *see also id.* (causes of action 16, 17, 20, 21, 22, 31, and 32). These allegations include, among others, fabrication of evidence, state-created dangers, and suppression of evidence. *Id.* Defendants have not had the opportunity to respond to these added causes of action in the SAC. Nonetheless, Bolton is given leave to amend his complaint to add more factual allegations to support these added causes of actions. The factual allegations as they stand now do not support a claim that defendants tampered with evidence or falsified reports relating to these incidents.

8

1 Bolton is given leave to amend if he wishes to proceed on these claims.[3]

## D. *Monell* Policy or Practice Claim

A local government is liable for an injury under 42 U.S.C. § 1983 under three possible theories. *See Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018) (internal citation omitted). First, a local government may be liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

Bolton alleges that the City of Berkeley "breached [its] duty of care to the public" in failing "to discipline Defendants . . . for their respective misconduct and involvement in the incident described herein." FAC ¶ 12-N. He alleges that this one instance of alleged failure to discipline "demonstrates the existence of an entrenched culture, policy or practice" of being deliberately indifferent to racial profiling and excessive force. *Id.* Bolton also alleges that the City has an "official policy" of allowing "persons to be abused and racially profiled," but fails to provide any factual basis for this allegation. *Id.* ¶ 12-P. These allegations are not enough to cross the high bar that is needed to state a claim for "policy or practice." To sufficiently plead this claim, Bolton is required to add allegations to support the assertion that the City of Berkeley has

---

[3] In their motion, defendants address Bolton's Eighth Amendment claims in the FAC. MTD 8. However, Bolton has removed his Eighth Amendment claims in the SAC. Defendant's motion as to these claims is denied as moot.

9

repeatedly failed to discipline officers for racial profiling and/or excessive force. Simply stating that the City of Berkeley has an "official policy or practice" of racial profiling does not make it plausible that such a policy or practice exists. Bolton must allege facts that show that City of Berkeley neglected the obvious need for more or different officer training.

Bolton's SAC does not fix these deficiencies, and states the same facts as the FAC. SAC ¶¶ 12-N, 12-P. Bolton adds more causes of action in his SAC that rely on these same factual allegations. *See* SAC (causes of action 10, 11, 12, 13, and 18). Defendants' motion to dismiss concerning the "policy and practice" claim is GRANTED with leave to amend.

### E. Denial of Medical Attention

To state this claim, a plaintiff must allege that (1) he was denied care for a "serious medical need," (2) by being confined under conditions posing a "substantial risk of serious harm," and (3) that the defendant officers were deliberately indifferent to the risk. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010) (citing *Lolli v. Cty. of Orange*, 351 F.3d 410, 420 (9th Cir. 2003)). Indications of a "serious medical need" are: (i) the existence of an injury that a reasonable physician would find important and worthy of comment or treatment; (ii) the presence of a medical condition that significantly affects an individual's daily activities; and/or (iii) the existence of chronic or substantial pain. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Bolton alleges that he was denied medical care by the paramedics who came on the scene during the January 2018 incident, and that this denial continued once he was booked into jail. FAC ¶ 12-L. He claims that he needed "help with serious injuries" but fails to describe what the serious injuries were. He also does not make clear how defendants were "deliberately indifferent" to his alleged injuries. In particular, he does not state how the paramedics who came on the scene failed to provide him with care. A better explanation of this situation is needed to allege a claim for denial of medical need.

Bolton's SAC does not cure these deficiencies. Bolton restates his cause of action of "denial of medical attention" in the FAC to five separate causes of action in his SAC. *See* SAC (causes of action 26–30 for medical battery, medical negligence, medical abandonment, medical

10

fraud, and medical defamation). But these causes of action still rely on the same facts in the FAC, as repeated in the SAC. *See* SAC ¶¶ 12-G, 12-I. Defendants' motion to dismiss as to these claims is GRANTED with leave to amend.

### F. Negligent Infliction of Emotional Distress

California courts have recognized a claim for negligent infliction of emotional distress in three situations: (1) for the negligent handling of corpses (*Christensen v. Superior Court*, 54 Cal. 3d 868, 879 (1991)); (2) for the negligent misdiagnosis of a disease that could potentially harm another (*Molien v. Kaiser Foundation Hospitals*, 27 Cal. 3d 916, 923 (1980)); and (3) for the negligent breach of duty arising out of a preexisting relationship (*Burgess v. Superior Court*, 2 Cal. 4th 1064, 1076 (1992)). Here, the only relevant situation that could potentially apply to Bolton is a claim that defendants negligently breached a duty to him. Bolton alleges that defendants had a duty to exercise reasonable care towards him and not inflict injuries on him while arrest and detaining him. FAC ¶ 47. Defendants argue that he does not allege any facts to support a claim for negligent infliction of emotional distress. MTD 9.

Bolton has not alleged enough facts to support this claim. It is unclear what duty was owed, by which officers, and how the officers breached that duty. Bolton's SAC does not cure these deficiencies. *See* SAC ¶ 275–281 (cause of action 33). Defendants' motion to dismiss these claims is GRANTED with leave to amend.

### G. Negligent Supervision and Training

Bolton brings claims against all defendants for negligent failure to supervise and train, and possibly for negligent hiring. FAC ¶ 53–58 (cause of action 8). Defendants correctly point out that Bolton fails to allege that the individual defendants had any duty to hire, supervise, or train each other, and therefore he fails to state a claim as to them. MTD 10. With respect to doe defendants, Bolton fails to provide anything beyond conclusory allegations of negligent "failure to train and supervise." *Id.*

Bolton's SAC does not cure these deficiencies. Bolton restates his cause of action of "negligent supervision and training" in the FAC to three separate causes of action in the SAC. *See* SAC (causes of action 10–12 for failure to properly screen and hire, failure to properly train, and

11

failure to supervise and discipline). He also adds the Berkeley City Manager, Dee Williams Ridley, as a defendant for these claims. *See id.* These causes of action still rely on the same facts as in the FAC. Defendants' motion to dismiss these claims is GRANTED with leave to amend.

### H. Sexual Battery, Gender Violence and Unruh Act Claims

A civil claim for sexual battery requires that a person commit a "harmful or offensive contact with an intimate part of another" resulting in "a sexually offensive contact." Cal. Civ. Code § 1708.5. "Intimate part" is defined as "the sexual organ, anus, groin, or buttocks of any person or the breast of a female." Cal. Civ. Code § 1708.5 (d). Bolton conclusorily alleges that Grant "by sexual battery, beat and ripped off [his] clothes," and committed an "act of sexual abuse against [his] intimate parts." FAC ¶¶ 12-B, 69; MTD 10. To sufficiently allege a claim, Bolton must allege more facts of the circumstances surrounding the alleged offensive contact. The SAC does not cure these deficiencies because it relies on the same factual allegations as the FAC. SAC ¶¶ 12-B, 292; *see id.* (cause of action 35). Defendants' motion to dismiss this claim is GRANTED with leave to amend.

A civil claim for gender violence requires that a plaintiff plead that defendant used or threatened to use physical force against the plaintiff "at least in part based on the gender of the victim," or that defendant engaged in a "physical intrusion or physical invasion of a sexual nature under coercive conditions." Cal. Civ. Code § 52.4. Bolton conclusorily alleges that defendants committed "acts of gender violence upon [him] through the use, attempted use, or threatened use of physical force against [his] person, committed at least in part based on [his] gender." FAC ¶ 73; MTD 11. Again, to sufficiently allege a claim, Bolton must allege more facts of the circumstances surrounding the alleged offensive contact. The SAC does not cure these deficiencies. SAC ¶ 296; *see id.* (cause of action 36). Defendants' motion to dismiss this claim is GRANTED with leave to amend.

A civil claim for violation of the Unruh Civil Rights Act, Cal. Civil Code § 51(a), as described in its enforcement mechanism of Civil Code § 52(a), requires allegations that defendants denied the full and equal accommodations, advantages, facilities, privileges, or services in all "business establishments" based on his membership in a protected class. Cal. Civ. Code § 51(b).

Defendants correctly point out that Bolton does not specifically allege that he is a member of any particular protected class, or that defendants denied advantages or services to him based on his membership in a protected class. MTD 11. Bolton merely alleges that defendants discriminated against him "by refusing to submit process as a trauma care/sexual assault victim case to the District Attorney pursuant to standard procedure." FAC ¶ 80. It is unclear what Bolton means by claiming that defendants "assassinated [his] character" in response to Bolton's inquiries about defendants' misconduct. *Id.* These allegations are not enough because Bolton does not allege that he is part of a protected class and that he was denied a service or accommodation based on his membership in a protected class. The SAC relies on the same factual allegations. SAC ¶ 303; *see id.* (COA 37). Defendants' motion to dismiss as to this claim is GRANTED with leave to amend.

### I. Privacy, False Light, and Defamation

To state a claim for publication of a private fact, a plaintiff must plead "(1) public disclosure (2) of a private fact (3) that would be offensive and objectionable to the reasonable person and (4) is not of legitimate public concern." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1256 (2017). "False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Id.* at 1264 (internal citation omitted). Defamation is the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or that causes special damage. *Id.* at 1259.

Bolton alleges that defendants made "disclosures" regarding an unspecified "sexual assault to which [he] was subjected to [his] community, and to the general public." FAC ¶ 87; MTD 12. He further alleges that defendants "painted [him] as an immoral and criminally deviant individual who was responsible" for the sexual assault that Bolton allegedly suffered. *Id.* ¶ 91. These allegations are too conclusory. As discussed above, he does not provide any detail about the alleged sexual assault and does not provide description of this alleged disclosure. The SAC does not cure these deficiencies. SAC ¶¶ 310, 314; *see id.* (causes of action 38–40). Defendants' motion to dismiss these claims is GRANTED with leave to amend.

13

**CONCLUSION**

Bolton must resolve the name issue by December 13, 2019 by either providing me with his full legal name or explaining to me why he wants to remain anonymous. He should write "REQUEST FOR SEALING" at the top of his pleading so that it is treated confidentially. Once I rule on that issue so that Bolton is entitled to proceed, his claims may move forward (assault/battery, violation of the California Ralph Civil Rights Act and violation of the California Tom Bane Civil Rights Act).

Defendants' motion to dismiss the other claims is GRANTED. If Bolton chooses to bring these other claims, Bolton may file a Third Amended Complaint by January 7, 2020 in light of the guidance this Order provides.

I recommend that Bolton seek free limited legal assistance from the Legal Help Center by calling the appointment line (415) 782-8982, emailing federalprobonoproject@sfbar.org, or signing up for an appointment in the appointment book located on the table outside the door of the Legal Help Center located at the San Francisco courthouse at 450 Golden Gate Avenue, 15th Floor, Room 2796 or at the Oakland courthouse at 1301 Clay Street, 4th Floor, Room 470S. Appointments are available Monday through Friday at various times throughout the day. Bolton can speak with an attorney who will provide basic legal help, but not legal representation. I recommend that he bring with him a copy of this Order and the existing filings in this case.

**IT IS SO ORDERED.**

Dated: November 22, 2019

William H. Orrick
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF BERKELEY, et al.,<br><br>        Defendants. | Case No.: 19-cv-05212-WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

(1)     I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2)     On 11/14/2019, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

A. Bolton
3126 Shattuck Avenue
Berkeley, CA 94705

Dated: 11/22/2019

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By: _____
                                              Jean Davis, Deputy Clerk to the
                                              William H. Orrick